# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

MAX ENGLERIUS,

    Plaintiff,

v.

UNITED STATES GOVERNMENT

    Defendant.

CASE NO. C09-172 RSM

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

## **I. INTRODUCTION**

This matter comes before the Court on Defendant's Motion to Dismiss. (Dkt. #4). Defendant argues that this Court lacks jurisdiction to entertain Plaintiff's claims pursuant to FRCP 12(b)(1). Defendant also indicates that Plaintiff's claims are frivolous, as they are similar to two previous meritless lawsuits filed by Plaintiff in this District Court that have already been dismissed.

For the reasons set forth below, the Court GRANTS Defendant's motion.

## **II. DISCUSSION**

**A. Background**

Plaintiff Max Englerius, appearing *pro se*, filed the instant lawsuit on February 9, 2009. In his 15-page complaint – which is preceded by a three-page "prologue" that criticizes the concept of a three-branch system of government – Plaintiff accuses the United States

ORDER
PAGE - 1

Government of several wrongdoings, and attacks the constitutionality of this country's voting system. Plaintiff specifically seeks to have the 2008 presidential election invalidated as "illegally contrived." (Pl.'s Compl. at 3). The basis for this request stems from his allegation that the Federal Election Commission (the "Commission") permitted the major political parties to manipulate the Presidential debates to exclude certain candidates.

The Commission now brings the instant motion to dismiss pursuant to FRCP 12(b)(1), arguing that this Court lacks jurisdiction to entertain Plaintiff's claims. The Commission indicates that Plaintiff has failed to follow the proper procedures set forth in the Federal Election Campaign Act ("FECA"), 2 U.S.C. § 437c, *et seq*. These statutes establish the authority of the Commission to oversee elections in this country, and also prescribe the methods in which an individual can assert a complaint against any aspect of an election. Rather than responding to the Commission's motion, Plaintiff filed two motions of his own, including a motion to disregard the Commission's motion (Dkt. #5), and a motion for summary judgment (Dkt. #6). The Court now turns to the substance of the Commission's jurisdictional argument.

**B. FRCP 12(b)(1)**

A motion to dismiss under FRCP 12(b)(1) addresses the court's subject matter jurisdiction. Federal courts are courts of limited jurisdiction, and they possess only that power authorized by United States Constitution and statute, which is not to be expanded by judicial decree. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994). When considering a motion to dismiss pursuant to FRCP 12(b)(1), the Court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United State*s, 850 F.2d 558, 560 (9th Cir. 1988).

In the instant case, it is unequivocally clear that the Court lacks subject matter jurisdiction to entertain any challenge by Plaintiff against the United States' voting system. Under 2 U.S.C. § 437g(a)(1), an individual with a complaint against the Commission must first file an administrative complaint with the Commission. If such a complaint is dismissed

by the Commission, or the Commission otherwise fails to respond within 120 days after the complaint is filed, the complainant may seek judicial review of this action. 2 U.S.C. § 437g(a)(8)(A)-(B). This complaint must be filed only in the United States District Court for the District of Columbia within 60 days after the date of the dismissal. *Id*.

Here, Plaintiff filed an administrative complaint in accordance with 2 U.S.C. § 437g(a)(1). The Commission thereafter dismissed his complaint, and the Commission further indicates that Plaintiff did not file an appeal within the 60 day window provided by FECA. Plaintiff does not dispute these contentions. Plaintiff did not file his claim in the United States District Court for the District of Columbia, therefore Plaintiff's claims should be dismissed.

Nevertheless, Plaintiff argues in his response that this case does not implicate the Commission. Rather, Plaintiff contends that this claim is "a civil rights case questioning whether the Constitution prescribes that vested interests could form private parties to seize control and monopolize government offices, by excluding others to benefit themselves." (Dkt. #5 at 1). Plaintiff further indicates that the Commission is not a named-party in his case, and therefore he argues that the Commission cannot bring the instant motion to dismiss.

Plaintiff's claims are clearly an attack on the Congressionally-mandated power given to the Commission under FECA to oversee and enforce elections in this country. Therefore his claims are within the rubric of 2 U.S.C. § 437g, irrespective of how he construes his complaint, or the entities he chooses to name in his lawsuit. Given that he has not followed the requirements set forth in this statute, it is clear that the Court lacks subject matter jurisdiction to entertain Plaintiff's complaint under FRCP 12(b)(1). Furthermore, because this Court lacks jurisdiction, Plaintiff's subsequent motions shall be stricken as moot.

**C. Plaintiff's Conduct**

As the Commission points out, Plaintiff's instant lawsuit is the most recent iteration of two previous meritless cases dismissed by this District Court. *See Englerius v. United States Government, et al.*, C00-29097 RSL; *Englerius v. United States Government, et al.*, C05-1515 MJP. Those complaints also sought to attack the Commission's oversight of previous

Presidential debates. Both cases were dismissed by this District Court and summarily affirmed by the Ninth Circuit. (*See* Dkt. #4, Exs. 4 and 7).

With this background in mind, the Court finds it worthwhile to advise Plaintiff that while he has a fundamental right to access the courts, "[f]rivolous and harassing claims crowd out legitimate ones and need not be tolerated by the district courts." *O'Loughlin v. Doe*, 920 F.2d 614, 618 (9th Cir. 1990). Accordingly, courts have "the inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citation omitted); *see also De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) ("Under the power of 28 U.S.C. § 1651(a) . . . enjoining litigants with abusive and lengthy histories is one such form of restriction that the district court may take."). Although this power is seldom used, courts "bear an affirmative obligation to ensure that judicial resources are not needlessly squandered on repeated attempts by litigants to misuse the courts." *O'Loughlin*, 920 F.2d at 618. The Court does not find it necessary to use this power in the instant case, but the Court notifies Plaintiff that his conduct is subject to these well-established rules in the future.

The Court also finds it worthwhile to inform Plaintiff that the language he employs within his pleadings violate the General Rules of this Court. Local Rule GR 8 provides:

> Litigation, inside and outside the courtroom in the United States District Court for the Western District of Washington, must be free from prejudice and bias in any form. Fair and equal treatment must be accorded all courtroom participants, whether judges, attorneys, witnesses, litigants, or court personnel. *The duty to be respectful of others includes the responsibility to avoid comment or behavior that can reasonably be interpreted as manifesting prejudice or bias toward another on the basis of categories* such as gender, *race*, ethnicity, religion, disability, age, or sexual orientation.

Local Rule GR 8 (emphasis added).

Here, Plaintiff makes several racist remarks in his pleadings, aimed both at the President of this country, as well as African-Americans as a whole. Such conduct and language has no place in this Court and will not be tolerated.

## III. CONCLUSION

Having reviewed the relevant pleadings, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Defendant's Motion to Dismiss (Dkt. #4) is GRANTED. All other motions are STRICKEN AS MOOT. The case is now CLOSED.

(2) The Clerk is directed to forward a copy of this Order to all counsel of record and to *pro se* Plaintiff at the following address: <u>1400 S. Thistle St, Seattle, WA 98108</u>.

DATED this 15th day of May, 2009.

*[signature]*

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE